IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEBRASKA

In Re:

AFY, Inc.,

Debtor.

Case No.   10-40875

Chapter 11

**OBJECTION TO PARTS OF TRUSTEE'S MOTION**

Comes now AFY, Inc. ("AFY"), Debtor, Robert A. Sears ("Robert"), shareholder in AFY, and Korley B. Sears ("Korley"), shareholder in AFY, (collectively "Respondents") responding to Chapter 11 Trustee Joseph H. Badami's "TRUSTEE'S MOTION TO (I) ASSUME EXECUTORY CONTRACTS FOR SALE OF REAL ESTATE, (II) SELL REAL ESTATE FREE AND CLEAR OF LIENS AND OTHER INTERESTS, (III) PAY CLOSING AND OTHER CUSTOMARY COSTS FROM SALE PROCEEDS, AND (IV) DIRECT DISPOSITION OF ESCROW OF NET PROCEEDS" (DOCS 93 & 97) (the "Motion") and states:

I.

**(Tract #1)**

1. Respondents and each of them request the Chapter 11 Trustee to withdraw that part of the Motion which seeks authority to assume the Executory Contract on Tract #1 (including the Feed Yard and parcels I-A through I-J)

with Rolling Stone Land & Cattle, LLC or its assignee. The Chapter 11 Trustee states in Paragraph 7 of the Motion that he filed the Motion only one day after the Chapter 11 Trustee (who had no prior knowledge of the case) was appointed, and that "Ultimately, the Chapter 11 Trustee may withdraw the Chapter 11 Trustee's request regarding certain Auction Purchase Agreements."

2. If the Chapter 11 Trustee will not withdraw his Request to Assume the Executory Contract on Tract #1, Respondents Object to that part of the Motion that seeks assumption of the executory contract relating to Tract #1 on the grounds that the Motion to assume that executory contract is premature, based upon insufficient evidence, not in the best interest of the Chapter 11 Estate and:

   a. Keeping Tract #1 in the Chapter 11 Estate is essential for a confirmed plan under Chapter 11;

   b. Tract #1 includes the Feed Yard with a capacity of 49,000 head, parcels of land essential to the operation of the Feed Yard in order to dispose of rainwater that collects in the Feed Yard;

   c. Tract #1 also includes an up to date Feed Mill and up to date Feed Mill Equipment;

   d. Tract #1 also includes buildings in which employees live;

   e. A lease for 2010 paying cash rent of $250 per acre is available for the irrigated land in Tract #1;

2

    f. Time is not potentially of the essence for any of the property included in Tract #1 except for the irrigated land; and by reason of the availability of the lease, time is not of the essence for the irrigated land;

    g. The reasons stated by the Chapter 11 Trustee in Paragraph 7 of the Motion are not adequate to justify any decision to assume or reject the executory contract for Tract #1 one day after being appointed. The Chapter 11 Trustee made the decision without adequate knowledge of material facts, including whether there are other possible purchasers, the amount, if any, of claims for damages, the effect of duty to mitigate damages, the result of comparing potential damages with future revenues from the Feed Yard, and the increased tax liability that will result from closing the sale of Tract #1;there is no stated or unstated legitimate reason to assume the executory contract for Tract #1 based upon a decision made one day after the Chapter 11 Trustee was appointed.

3. The Chapter 11 Trustee has not explored the opportunities for a Chapter 11 Plan. On May 7, 2010, after Respondents had made a proposal to the Chapter 11 Trustee to assume the executory contracts for Tracts #2 through 11 but not to Tract #1. The proposal is described below in Part III. The Chapter 11 Trustee, without responding to the proposal of Respondents, filed his Motion, then called counsel for the respondents in late afternoon to suggest that the Chapter 11 Trustee had retained the right in the Motion to

withdraw the Motion with respect to Tract #1 before the hearing scheduled on May 14, 2010 and if such counsel for Respondent could find a favorable lease or other favorable disposition for the Feed Lot, the Chapter 11 Trustee may withdraw the Motion.

4. Within the 3 and ½ days since the Chapter 11 Trustee filed the Motion, Respondents working with Kelly Boettcher ("Boettcher"), who owns substantial land in Brown County Nebraska, near AFY's Feed Yard, have formulated the nucleus of a plan which includes the following terms:

   a. A combination of Boettcher's Nebraska ranch ("Boettcher's Ranch") in which he has equity of $2.5 million (ranch worth $4 million against which there is debt of $1.5 million) with the assets of AFY included in Tract #1;

   b. Payment of $8.1 million on Debt owed by AFY to Farm Credit and Commercial National Bank estimated to currently be $10.2 million; the source of the $8.1 million is $8.1 million outlined in the proposal Respondents made to the Chapter 11 Trustee on May 7, 2010, which appears below in Paragraph 10 of Part IV;

   c. Resulting from the combination of Boettcher's Ranch and Tract #1 (the "Combination"), are total assets of approximately $10 million, debt of approximately $3.6 million, and a credit worthy debt to equity ratio of 36% debt against 64% assets;

   d. Boettcher rents the irrigable acres in Tract #1 of approximately 1,000

4

acres combined with approximately 1,000 wet acres on Boettcher's Ranch for $250 per acre, providing cash flow for the Combination of $500,000;

   e. 1.3 million bushels of grain storage; it will be rented to Meuret Grain;

   f. Interest payments on Debt to Farm Credit at 7% totaling $252,000 per year and taxes totaling $150,000 per year, for a combined total $402,000 will be paid from cash flow generated by Boettcher and Robert Sears;

   g. Revenue from Operation or Lease of the Feed Yard may be used to reduce debt;

5. Given the reasonable time to act contemplated by Chapter 11, a reasonable time to supply prospects with adequate information, and a reasonable time to negotiate and reach an agreement as contemplated by Chapter 11, either a plan based upon the above may be proposed and confirmed; other opportunities may also present themselves.

6. Moreover, the Chapter 11 Trustee seeks to assume an executory contract on Tract #1 even though with respect to some parcels included in Tract # 1, there are parties other than AFY who are the owners. As the Motion states in Paragraphs 5 and 6:

   a. AFY owns only an undivided ¼ interest in parcel 4 and Sears Cattle Company, a Nebraska Corporation owned by Robert and Korley, owns and undivided ¾ interest in parcel 4;

5

    b. AFY also owns only an undivided ¼ interest in Tract I-J and Sears Cattle Company owns an undivided ¾ interest in Tract I-J;

    c. The Executory Contract on Tract #1 is not divisible; Korley and Robert are unwilling to close the Executory Contract on Tract #1; the Chapter 11 Trustee is unable to deliver title to Tracts 4 and I-J;

    d. The Motion does not constitute proceedings under § 365 (h) of the Code and the requirements of the Code in § 365 (h) have not been met;

    e. The Motion denies Respondents due process.

7. The Chapter 11 Trustee also seeks to assume executory contracts which AFY was buying on Land Contracts. The Chapter 11 Trustee is not assuming the Land Contracts which he must do.

II.

8. A purchaser on an executory contract with AFY, has no right to deprive AFY of AFY's statutory right to reject executory contracts as advantageous to the estate until confirmation unless the time is shortened.

    In re The Penn Traffic Company, 524 F3d 373 (2d Cir. 2008) (affirms rejection of executory contract requiring debtor to transfer parcel in which newly constructed super market appraised at $9.8 million in exchange for remaining construction costs of the supermarket of $3.5 million, noting at 383 that the debtors

interests are paramount to those of the non debtor contracting party.)

### III.

9. Rhett R. Sears, Rhett R. Sears Revocable Trust, Ronald H. Sears, and Dane R. Sears (collectively "RRD&D") are not creditors holding allowable claims against AFY. They have no rights against AFY under the Stock Purchase Agreement because that was closed and performed; they have no rights as third party beneficiaries of the agreement reflected in the Minutes of the 2008 Shareholders Meeting of AFY to redeem shares as the agreement does not expressly give them that right as required under Nebraska law; they are pledgees without claim rights unless they foreclose and acquire the pledged shares.

### IV.

10. On May 7, 2010, the day after the Chapter 11 Trustee's Appointment was approved, Respondents sent to the Chapter 11 Trustee the following proposal:

    a. Close on the sale of Tract 2,3,4,5,6,7,8,9,10,and 11
       ~$4,214,555
    b. Close on the Holt Co. School Land Sale
       ~$470,000

    c. Close on the Holt Co. Equipment Sale

    ~$700,000

    d. Collect proceeds from sales of corn

    ~$1,800,000

    e. Sell ~$1,000,000 of Brown County Equipment

    f. For total proceeds of ~$8,184,555

11. Consistent with that proposal, Respondents do not oppose the Chapter 11 Trustee assuming and closing the Executory Contracts for Tracts #2-11 in the Motion.

12. Respondents do object to the payment or disposition by the Chapter 11 Trustee of any sales proceeds for Tract #2 and any sales proceeds for Korley's homestead included in Tract #1. Respondents request that any such sales proceeds be held in escrow or respondent be given adequate protection as follows:

    a. AFY owns only an undivided 60% interest in Tract #2. Robert owns an undivided 20% interest in Tract #2. Korley owns an undivided 20% interest in Tract #2. Robert and Korley are accommodation parties with respect to the debt owed by AFY to Farm Credit. Forty percent of the proceeds from the sale of Tract #2 should not be paid to Farm Credit unless other collateral is insufficient for payment in full. Forty percent of the proceeds should be escrowed; Robert and Korley request adequate

protection;

b. Sold as part of Tract #1 is property owned by Korley which he claims as his homestead. Korley has waived his homestead as to Farm Credit but not as to other creditors. All proceeds ($60,000) from Korley's homestead should be held similarly to the proceeds in Subparagraph "a" and Korley should receive adequate protection.

WHEREFORE, Respondents pray that the Chapter 11 Trustee withdraw his Motion to assume the Executory Contract on Tract #1; alternatively that the Court deny the Chapter 11 Trustee's Motion to assume the executory contract for Tract #1; in any event, that the Court order that 40% of the sales proceeds from the sale of Tract #2 be escrowed; that all of the sales proceeds from Korley's homestead be escrowed; that Robert and Korley have adequate protection for such funds in such escrows; and that Respondents be awarded such other relief as is just and equitable.

Dated: May 13, 2010

                                        AFY, Inc., Debtor

                                        By: Jerrold L. Strasheim (#14070)
                                        3610 Dodge Street, Ste. 212
                                        Omaha, NE 68131
                                        (402) 346-9330

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2010, I caused filing of the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system which sent notification of such filing to all CM/ECF participants.

                                                                _____
                                                                Jerrold L. Strasheim