IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK10-40875-TLS |
| | ) | |
| AFY, INC., | ) | CH. 7 |
| | ) | |
| Debtor. | ) | |

## ORDER

Hearing was held in Lincoln, Nebraska, on May 18, 2011, on the following matters: (1) an objection to claim of Rolling Stone Land & Cattle, LLC filed by Korley B. and Robert A. Sears (Fil. #364) and a resistance thereto filed by Rolling Stone (Fil. #371); (2) an objection to claim Nos. 8, 9, 10, and 26 filed by Robert A. and Korley B. Sears (Fil. #366), and a resistance thereto by Rhett R. Sears, Rhett R. Sears Revocable Trust, Ron H. Sears Trust, Ronald H. Sears, and Dane R. Sears (collectively "Sears Family Members") (Fil. #372); and (3) an objection to claim of Korley B. Sears filed by the Sears Family Members (Fil. #368). James Overcash appeared for Chapter 7 trustee Joseph H. Badami; Joseph H. Badami appeared as the Chapter 7 trustee; Jerry Strasheim appeared for Robert Sears and Korley Sears individually and in other asserted capacities; Russell Westerhold appeared for Rolling Stone; Brian Koenig appeared for the Sears Family Members; and Garth Glissman and Brian Buescher appeared for Summitt Farms, LLC.

For ease of reference, Robert A. Sears and Korley B. Sears shall be referred to herein as "Robert" and "Korley," respectively. The remaining Sears family members involved (Rhett R. Sears, Rhett R. Sears Revocable Trust, Ron H. Sears Trust, Ronald H. Sears, and Dane R. Sears) shall be referred to as the "Sears Family Members," which term does not include Robert and Korley. Rolling Stone Land & Cattle, LLC shall be referred to as "Rolling Stone."

AFY, Inc. filed this Chapter 11 proceeding on March 25, 2010. Mr. Strasheim was the attorney for AFY, Inc. Around that same time, Mr. Strasheim also filed Chapter 11 proceedings on behalf of Robert and Korley. Robert and Korley claimed to be the only shareholders of record of AFY. The Sears Family Members claimed to have a security interest in Korley's AFY shares and further claimed to have the right to vote his shares. Disputes arose between Robert and Korley on the one hand and the Sears Family Members on the other regarding ownership and control of AFY as well as the necessity and administration of this bankruptcy estate. Mr. Strasheim withdrew from representing AFY due to a clear conflict of interest. No other attorney has entered an appearance for AFY. Subsequently, Mr. Badami was appointed as the Chapter 11 trustee for AFY's bankruptcy estate. As trustee, he requested conversion of the case to Chapter 7, which was granted, and Mr. Badami was appointed as the Chapter 7 trustee.

After his appointment as the Chapter 11 trustee, Mr. Badami filed a motion to assume various executory contracts including certain pre-petition contracts to sell certain real estate to Rolling Stone. The trustee's motion was granted on May 14, 2010 (Fil. #114). Subsequently, Robert and Korley sought reconsideration of the order approving assumption, which was denied (Fil. #139).

Problems arose for the trustee in assuming the contracts because AFY was not the only seller involved in the executory contracts. In particular, Sears Cattle Co., a Nebraska corporation, was a joint owner of two of the tracts of real estate involved in the sale. Therefore, in order to complete the closing, a deed from Sears Cattle Co. was needed. Sears Cattle Co. is owned and controlled by Robert and/or Korley, who initially refused to cooperate. The trustee promptly filed a motion to compel and commenced an adversary proceeding to, in essence, compel performance by Sears Cattle Co. as a joint seller. An order granting the motion to compel was entered, as was an order granting a mandatory injunction in the adversary proceeding. Sears Cattle Co., Robert, and Korley ultimately cooperated and closing of the executory contract with Rolling Stone finally occurred on or about June 15, 2010. The claims and claim objections followed.[1]

### 1. *Objection to Claim of Rolling Stone (Fil. #364)*.

Rolling Stone filed a proof of claim (claim No. 20) against the AFY estate in the amount of $625,000.00. The basis for the claim stated thereon is "failure to timely convey." At the hearing, and in its evidence presented at the hearing, Rolling Stone acknowledged that its claim should be reduced to $168,750.00, and that the basis for the claim is "lost profits" for the delay in the closing of its purchase agreement for 32 days between May 14, 2010 (the date of the order granting the trustee's motion to assume), and June 15, 2010 (the date of closing).

Mr. Strasheim filed an objection to the Rolling Stone claim on behalf of "Robert A. Sears and Korley B. Sears, Movants on Behalf of AFY's Estate, Themselves, and Their Estates." Essentially, the objection states that since the trustee assumed and performed the executory contract, Rolling Stone is not a creditor of AFY. The objection further asserts that Rolling Stone waived any claim for damages in connection with the assumption of the contract by failing to assert such damages as part of the "cure" required to assume. In addition, the objection states that the only rights Rolling Stone had as a non-debtor party to an executory contract were to seek "cure" damages as part of the assumption of the contract and request an order requiring the trustee to assume or reject by a specific date. The objection further states that Rolling Stone should be barred due to inequitable conduct and the failure to mitigate damages. At the hearing, the trustee formally joined in the objection to Rolling Stone's claim.

In its resistance, Rolling Stone first asserts that Robert and Korley's objection should be stricken due to lack of standing because only a party in interest may object to a claim. 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3007. A "party in interest" is one with a pecuniary interest in the distribution of the assets of the estate. *See White v. Coors Distrib. Co. (In re White)*, 260 B.R. 870, 875 (B.A.P. 8th Cir. 2001). With respect to the merits of the claim objection, Rolling Stone asserts

---

[1] Mr. Strasheim requested the hearings be postponed to allow time for discovery and that they be set for live testimony. While the court generally agrees that time for discovery and live testimony are generally appropriate where there are disputed issues of fact, Mr. Strasheim's motions were denied and the hearing held to determine the extent of any factual disputes and to determine issues of law (Fil. #386).

that its claim is simply a post-petition claim for delay damages resulting from a series of actions or inactions of Debtor, Robert, and Korley which prevented the timely closing of the purchase agreement. Rolling Stone asserts that Nebraska law recognizes a cause of action for delay in the conveyance of real property. *Violet v. Rose*, 58 N.W. 216 (Neb. 1894).

As indicated previously, the trustee has expressly joined in the objection filed by Robert and Korley to the Rolling Stone claim. Rolling Stone does not dispute the trustee's standing to object to its claim. Therefore, it is not necessary for this court to decide the standing of Robert and Korley, at least with regard to the Rolling Stone claim, and the claim objection addressed herein shall be deemed to be the trustee's joinder in the Robert and Korley objection.

As indicated, Rolling Stone's claim is simply based upon lost profits during the period between assumption and closing on the ground that Nebraska state law may recognize such a cause of action. However, no such cause of action exists under the Bankruptcy Code, nor should it be allowed under the undisputed facts of this case. 11 U.S.C. § 365(a) provides that the trustee, subject to the court's approval, may assume or reject any executory contract of the debtor. In a case under Chapter 11, the trustee may assume or reject an executory contract at any time before confirmation of a plan, but on request, the court may provide a specified period of time within which to assume or reject. 11 U.S.C. § 365(d)(2). AFY, as debtor in possession, initially attempted to lease the property to a third party (and thereby effectively attempted to reject the sale agreement). Rolling Stone resisted, as did the Sears Family Members. The Sears Family Members filed a motion to appoint a Chapter 11 trustee which was granted on May 6, 2010, about one and one-half months after bankruptcy filing. One day later, on May 7, 2010, the trustee filed his motion to assume, and after a hearing, the motion was granted on May 14, 2010, a week after the trustee's appointment.

The record further reflects that the trustee then promptly proceeded to close the various sale agreements that he had assumed, including the Rolling Stone agreement. The Rolling Stone agreement involved several parcels of real estate, including parcels in which Sears Cattle Co., an entity owned by Robert and Korley, had an ownership interest. Thus, Sears Cattle Co. is one of the sellers under the assumed purchase agreement and its cooperation was needed to close. The trustee took extraordinary steps to compel performance by Robert, Korley, and Sears Cattle Co. to complete the closing. The steps included a motion to compel in the bankruptcy case and the filing of an adversary proceeding for specific performance, seeking a mandatory injunction. Ultimately, and through the trustee's efforts, the appropriate signatures were obtained and the closing took place on or about June 15, 2010, barely a month after the trustee's appointment.

All of those facts are undisputed and clearly reflected in the docket and record of this case. As indicated, § 365(d)(2) of the Bankruptcy Code gives the trustee the right to assume or reject an executory contract at *any time* before the confirmation of a plan. Rolling Stone did *not* seek a shortened period of time for the trustee to assume or reject. In fact, Rolling Stone joined in all of the trustee's efforts to assume the executory contract. There is nothing in the Bankruptcy Code which would give a party to an executory contract the right to assert damages for a purported delay in closing when the statutory right to assume an executory contract has been exercised, particularly where the trustee acted promptly and took extraordinary measures to complete the closing as soon

as possible. When the objecting party puts forward evidence rebutting the claim, the claimant must then produce additional evidence of the claim's validity. *Gran v. IRS (In re Gran)*, 964 F.2d 822, 827 (8th Cir. 1992). The claimant always bears the burden of persuasion. *FDIC v. Union Entities (In re Be-Mac Transp. Co.)*, 83 F.3d 1020, 1025 n.3 (8th Cir. 1996). Rolling Stone did not present any persuasive evidence to support its claim, the claim has no valid legal basis, and it is denied.

>   2.      *Objection to Claim of Sears Family Members (Fil. #366)*.

The Sears Family Members filed their claims for sums due pursuant to a June 20, 2007, Stock Sale Agreement. The claim is made as both a direct obligation under the agreement and related documentation, and as third-party beneficiaries of an agreement between AFY and Korley Sears.

Robert and Korley's objection to the Sears Family Members' claims was filed "on Behalf of AFY's Estate, Themselves, and Their Estates." They believe that the Sears Family Members' claims should be disallowed in their entirety because, according to Robert and Korley, AFY is not liable for any sums due under the Stock Sale Agreement. Specifically, only Korley signed the promissory notes resulting from the Stock Sale Agreement. Robert and Korley feel that the Stock Sale Agreement should be interpreted on its face and that parol evidence should not be used.[2] As an alternative theory, Robert and Korley argue that even if AFY had some liability to the Sears Family Members under the agreement, they breached their implied duties of good faith and fair dealing in the performance and enforcement of that contract, thus excusing AFY from performance and liability. The asserted breach was by opposing the early efforts of AFY in this Chapter 11 case and collaborating with the Chapter 11 trustee.

The trustee has *not* joined in Robert and Korley's objection.

As a threshold matter, it is clear that Robert and Korley do not have standing as purported shareholders of AFY to make objections on behalf of AFY's estate. The trustee has been appointed to administer the bankruptcy estate and is the only person authorized to take action on behalf of the estate. On the other hand, Robert and Korley may act in their individual capacities. A party in interest, including a creditor and an equity security holder "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b). Accordingly, Robert and Korley have standing to object to the Sears Family Members' claims on their own behalf.

Addressing the merits of the objection, the proof of claim attaches a June 20, 2007, Stock Sale Agreement, which agreement is signed by, among others, the Sears Family Members as sellers and AFY, Inc. (by Robert A. Sears as president and Korley B. Sears as vice president), and Korley B. Sears, as buyers. The first paragraph of the agreement identifies each of the sellers and the number of shares of AFY that each seller is selling. Paragraph 2 states in its entirety:

---

[2] The parol evidence argument is interesting, considering Robert and Korley also rely upon parol evidence in arguing that only Korley signed the promissory notes.

2. **Buyers**. The Buyers purchasing all interests described in paragraph 1 from the Sellers are AFY, Inc., a Nebraska corporation formerly known as Ainsworth Feed Yards Company, Inc., and Korley B. Sears.

Paragraph 4 describes the sale price "to be paid by Buyers to Sellers . . ." and the manner in which the payment will be made.

Paragraph 7.1 provides in pertinent part that "the Buyer(s) shall execute, for each Seller, a Promissory Note, and a Pledge and Security Agreement."

As it turned out, the promissory notes executed pursuant to paragraph 7.1 of the agreement were executed only by Korley, and not by AFY.

Interestingly, all parties assert that the Stock Sale Agreement is clear and unambiguous on its face. The Sears Family Members point out the foregoing provisions which identify AFY, Inc. as a buyer along with Korley. Mr. Strasheim argues that the agreement requires the "Buyer(s)" to execute a promissory note, and only Korley executed a note. Therefore, he believes the agreement is clear that AFY is not a buyer since it did not execute a note. .

I agree with the claimants that the contract is clear and unambiguous, and that AFY is a "Buyer" under the Stock Sale Agreement. In fact, it is hard to imagine a contract being more clear and unambiguous than this one which, in paragraph 2, defines "Buyers" as "AFY, Inc., a Nebraska corporation formerly known as Ainsworth Feedyards Company, Inc., and Korley B. Sears." It is not necessary to look to extrinsic documents, such as the promissory notes and corporate resolutions, to determine that AFY is a buyer under the contract having liability for the purchase price. Also attached to the proof of claim were certain minutes of a 2008 annual meeting of the shareholders of AFY. Those shareholder minutes clearly establish a subsequent agreement to redeem the shares involved in the transaction, but do not alter who is contractually liable to pay to the sellers the purchase price for the shares under the Stock Sale Agreement.

Accordingly, the proof of claim filed by the Sears Family Members is entitled to prima facie validity. *Dove-Nation v. eCast Settlement Corp. (In re Dove-Nation)*, 318 B.R. 147, 152 (B.A.P. 8th Cir. 2004); Fed. R. Bankr. P. 3001(f). Robert and Korley's objection fails to overcome the presumption of validity. Absolutely no evidence was presented to support the theory that AFY is not liable for the purchase price. Further, absolutely no evidence was presented to dispute the balance due to each of the claimants. Finally, no evidence was presented to support the assertion that the Sears Family Members had or breached any duty in failing to support Robert and Korley's efforts and in supporting the efforts of the trustee. *McDaniel v. Riverside Cnty. Dep't of Child Support Servs. (In re McDaniel),* 246 B.R. 531, 533 (B.A.P. 8th Cir. 2001) ("substantial evidence" is required to rebut proof of claim's presumptive validity); *Vomhof v. United States*, 20 B.R. 191, 192 (D. Minn. 1997) ("Substantial evidence to support an objection requires financial information and factual arguments, not legal rhetoric.")

      Therefore, the objections by Robert and Korley to the proofs of claim filed by the Sears Family Members are overruled.

      3.      *Objections to Claim of Korley Sears by Robert and Korley (Fil. #366) and by the Sears Family Members (Fil. #368).*

      Korley filed a proof of claim, No. 26 on the claims register, in the amount of $5,325,291.16. Korley asserts it is a contingent claim under which he believes he is entitled to recover the purchase price for the shares from AFY instead of from the Sears Family Members. Korley presents absolutely no legal basis as to why he would be able to do so. Interestingly, Robert and Korley even objected to Korley's claim. In addition, the trustee has filed an objection, but the resistance period has not yet run.

      The bottom line is that, on its face, the proof of claim filed by Korley fails to present or identify any basis to find that AFY is indebted to Korley in such amount. Absent such supporting information, the claim is not entitled to prima facie validity. Therefore, the objections of Robert and Korley and of the Sears Family Members to Korley's proof of claim No. 26 are sustained and his claim is denied.

      IT IS, THEREFORE, ORDERED that:

      1.      The objection to claim of Rolling Stone Land & Cattle, LLC filed by Korley B. and Robert A. Sears (Fil. #364), which objection was joined by the Chapter 7 trustee, is granted and the claim is disallowed;

      2.      The objection to claim Nos. 8, 9, and 10, filed by Robert A. and Korley B. Sears (Fil. #366), is denied; and

      3.      The objection to claim No. 26 of Korley B. Sears filed by Rhett R. Sears, Rhett R. Sears Revocable Trust, Ron H. Sears Trust, Ronald H. Sears, and Dane R. Sears (Fil. #368), and the objection to claim No. 26 of Korley B. Sears filed by Robert A. and Korley B. Sears (Fil. #366), are granted and the claim is disallowed.

      DATED: June 8, 2011.

                                      BY THE COURT:

                                      /s/ Thomas L. Saladino
                                      Chief Judge

Notice given by the Court to:
    James Overcash
    Joseph H. Badami
    *Jerry Strasheim
    *Russell Westerhold
    *Brian Koenig
    Garth Glissman/Brian Buescher
    United States Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.